**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| S2 ACQUISITION, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. 11-cv-143 |
| CLAYTON ISOM, JOHN SELLERS, and RASHID AL-HMOUD, | ) ) ) |
|     Defendants. | ) ) ) |

## COMPLAINT

Plaintiff S2 Acquisition LLC ("S2 Acquisition" or "Plaintiff"), by its attorneys, and for its Complaint against Defendants Clayton Isom, John Sellers, and Rashid Al-Hmoud (together, "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff S2 Acquisition is a Delaware limited liability company with its principal place of business in New York, New York.

2. Defendant Clayton Isom ("Isom") is an individual Texas resident who may be served with process at his residence, 3023 20th Street, Lubbock, Texas 79410.

3. Defendant John Sellers ("Sellers") is an individual Texas resident who may be served with process at his residence, 3005 32nd Street, Lubbock, Texas 79410.

4. Defendant Rashid Al-Hmoud ("Al-Hmoud") is an individual Texas resident who may be served with process at his residence, 9704 York Place, Lubbock, Texas 79410.

## JURISDICTION AND VENUE

5. The Court has jurisdiction to hear this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2).

## FACTS

7. On or about April 16, 2008, and in connection with the construction of a Holiday Inn & Suites hotel located at 10135 State Highway 151, San Antonio, Texas 78251, Tao-Sahi, LP ("Borrower") entered into a Loan Agreement (the "Loan Agreement") with Specialty Finance Group LLC, a Georgia limited liability company ("SFG"). SFG agreed to loan to Borrower the principal amount of up to $18,633,336.00 (the "Loan").

8. Defendants Isom and Sellers are limited partners of ICS Investment Group, LP, the managing member of TAO Development Group, LLC, which is the general partner of the Borrower. Defendant Al-Hmoud is the limited partner of the Borrower.

9. In connection with the Loan Agreement, on or about April 16, 2008, Borrower executed and delivered to SFG a Promissory Note in the principal sum of up to $18,633,336.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

10. In order to secure the indebtedness of Borrower under the Loan Agreement and the Note, on or about April 16, 2008, Borrower executed and delivered to Ronald J. Dold, trustee for the benefit of SFG, a Deed of Trust, Security Agreement and Fixture Filing (the "Deed of Trust"). The Deed of Trust was recorded as Document No. 20080082907 in the Public Records of Bexar County, Texas. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**. The Note, the Deed of Trust, the Loan Agreement, and other documents,

2

instruments, and agreements evidencing, securing, or otherwise relating to the Loan, together with any and all renewals, amendments, extensions and modifications thereof, are collectively referred to herein as the "Loan Documents."

11. In order to further secure the indebtedness of Borrower under the Loan Documents, each of Defendants Isom, Sellers, and Al-Hmoud executed and delivered to SFG a Guaranty Agreement (the "Guaranty") effective on or about April 16, 2008. A true and correct copy of the Guaranty is attached hereto as **Exhibit C**.

12. In the Guaranty, each of Defendants Isom, Sellers, and Al-Hmoud "jointly and severally, unconditionally and absolutely," guaranteed "full and prompt payment to SFG of the Note when due, whether by acceleration or otherwise, with such interest as may accrue thereon and such prepayment premiums and other charges as may be due in connection therewith, either before or after maturity thereof, and the full and prompt payment and performance of any and all other obligations due under the [Loan Documents], whether such obligations now exist or arise hereafter." The Guaranty is a "guaranty of payment and performance and not of collection" and it is irrevocable. The liability of the guarantors under the Guaranty is "direct and immediate and not conditional or contingent upon the pursuit of any remedies against Borrower or any other person, nor against the [c]ollateral."

13. The Guaranty also requires Defendants to pay all out-of-pocket expenses, including attorneys' fees and disbursements, incurred by SFG (now S2 Acquisition) to collect any amounts due or to otherwise enforce any of the terms of the Loan Documents and the Guaranty.

14. The Loan Documents and Guaranty were assigned to the Federal Deposit Insurance Corporation (the "FDIC") in its capacity as receiver for SFG. Thereafter, S2

Acquisition acquired the Loan Documents and the Guaranty and all rights thereunder from the FDIC. S2 Acquisition is now the owner and holder of the Loan Documents and the Guaranty.

15. Borrower defaulted under the Loan and the Loan Documents by failing to make its monthly debt service payments timely and by failing to cure its payment defaults.

16. By letter dated April 21, 2011, S2 Acquisition declared Events of Default, accelerated the entire indebtedness evidenced by the Note, and made demand upon Borrower and Defendants for the principal amount of $18,554,569.06; accrued interest of $535,635.01; default interest of $680,334.20; and late fees totaling $42,649.46. A true and correct copy of the Demand Letter is attached hereto as **Exhibit D**.

17. Despite written notice and demand, Borrower failed and refused to comply with its obligations under the Loan Documents. Furthermore, Defendants Isom, Sellers, and Al-Hmoud have failed and refused to comply with their obligations under the Guaranty.

18. Pursuant to the authority granted in the Deed of Trust, S2 Acquisition legally appointed Thomas W. Rogers (the "Substitute Trustee") as Substitute Trustee under the Deed of Trust pursuant to a duly authorized and executed appointment document (the "Appointment of Substitute Trustee") which was recorded as Document Number 20110084491 of the Official Public Records of Real Property of Bexar County, Texas, on May 17, 2011.

19. S2 Acquisition requested that the Substitute Trustee enforce the liens of the Deed of Trust by sale of the property in the manner set forth under the terms of the Deed of Trust and pursuant to the laws of the State of Texas.

20. The Substitute Trustee, acting upon the request of S2 Acquisition, at least twenty-one (21) days preceding the date of the public sale caused notice of the foreclosure of the Deed of Trust and the liens thereof to be given in accordance with the laws of the State of Texas and

4

the terms of the Deed of Trust and the Appointment of Substitute Trustee. In particular, the Substitute Trustee (i) caused to be posted on or before May 17, 2011, a written notice of sale of the property on the bulletin board used for such posting and located in the proper county courthouse of Bexar County, Texas, (ii) caused a notice or a copy thereof to be filed in the Office of the County Clerk of Bexar County, Texas and (iii) caused such notice to be transmitted to all parties obligated according to the records of S2 Acquisition.

21. The public sale specified in the notices described above was scheduled to be held on June 7, 2011, between the hours of 10:00 a.m. and 1:00 p.m.

22. Prior to the commencement of the public sale, on June 7, 2011, and presumably to preempt the foreclosure process, the Borrower filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas. Defendants, however, are not in bankruptcy.

23. Despite written demand, Defendants have failed to pay all of their obligations to S2 Acquisition. As of August 4, 2011, Defendants owe S2 Acquisition (a) outstanding principal balance of the Loan in the amount of $18,554,569.06; (b) $725,405.65 in accrued unpaid interest; (c) default interest in the amount of $910,750.77; (d) late fees in the amount of $61,715.49; (e) $435,563.25 for protective advances for taxes and miscellaneous fees and expenses; and (f) attorneys' fees and costs incurred by S2 Acquisition.

## COUNT I
### Breach of Guaranty
**(Against all Defendants)**

24. S2 Acquisition repeats and realleges paragraphs 1-23 as if fully set forth herein.

25. Borrower has failed to comply with the terms of the Loan Documents and is in breach of the Loan Documents.

26. As a result of Borrower's breach of the Loan Documents, on April 21, 2011, S2 Acquisition accelerated the maturity date of the indebtedness under the Loan Documents, and all amounts due and owing under and pursuant to the Loan Documents are currently due and owing to S2 Acquisition.

27. As of August 4, 2011, Defendants owe S2 Acquisition (a) outstanding principal balance of the Loan in the amount of $18,554,569.06; (b) $725,405.65 in accrued unpaid interest; (c) default interest in the amount of $910,750.77; (d) late fees in the amount of $61,715.49; (e) $435,563.25 for protective advances for taxes and miscellaneous fees and expenses; and (f) attorneys' fees and costs incurred by S2 Acquisition.

28. Borrower has failed and refused to pay to S2 Acquisition all amounts due and owing to S2 Acquisition under and pursuant to the Loan Documents.

29. Each of Defendants Isom, Sellers, and Al-Hmoud executed and delivered the Guaranty to SFG (for the benefit of SFG and its successors and assigns, including S2 Acquisition) and, thereby, unconditionally and irrevocably personally guaranteed the prompt and full payment (and not merely the ultimate collectability) and performance of all obligations of Borrower to S2 Acquisition.

30. Thus, each of Defendants Isom, Sellers, and Al-Hmoud is responsible for the payment of damages to S2 Acquisition for Borrower's default under the Loan Documents.

31. Although S2 Acquisition demanded in writing that Defendants Isom, Sellers, and Al-Hmoud pay the amounts owed to S2 Acquisition as guarantors of Borrower, Defendants have not responded to the demand and have failed and refused to pay the amounts owing to S2 Acquisition.

6

32. By failing to make prompt and full payment of Borrower's obligations to S2 Acquisition, each of Defendants Isom, Sellers, and Al-Hmoud has failed to fulfill his obligations under the Guaranty.

## **RELIEF REQUESTED**

**WHEREFORE**, S2 Acquisition requests this Court enter an order granting judgment for S2 Acquisition as follows:

(a) General damages of $18,554,569.06, as the principal balance due and owing under the Loan Documents against Defendants Isom, Sellers, Al-Hmoud, jointly and severally;

(b) All accruing pre-judgment contractual interest accruing on the past due balance of $18,554,569.06, together with all accruing pre-judgment default interest accruing on the past due balance at the rate of five percent (5%) per annum over the contractual rate of interest, or the maximum rate allowed by law, through the date of judgment against Defendants Isom, Sellers, and Al-Hmoud, jointly and severally;

(c) General damages of $61,715.49, as late fees, as of August 4, 2011, together with all additional late fees accruing through the date of judgment against Defendants Isom, Sellers, and Al-Hmoud, jointly and severally;

(d) General damages of $435,563.25, as a protective advance for taxes and miscellaneous fees and expenses;

(e) All costs of court against Defendants Isom, Sellers, and Al-Hmoud, jointly and severally;

(f) All reasonable attorneys' fees and costs incurred by S2 Acquisition in connection herewith against Defendants Isom, Sellers, and Al-Hmoud, jointly and severally;

(g) Post-judgment interest at the maximum rate provided by law against Defendants Isom, Sellers, and Al-Hmoud, jointly and severally; and

(h) Such other and further relief to which S2 Acquisition has demonstrated just entitlement.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Shari L. Heyen*
   Shari L. Heyen
   State Bar No. 09564750
   Federal Bar No. 13664
   HeyenS@gtlaw.com
   2000 Louisiana, Suite 1700
   Houston, Texas 77002
   Telephone: (713) 374-3500
   Telecopier: (713) 374-3505

**ATTORNEYS FOR PLAINTIFF
S2 ACQUISITION LLC**

8